**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**WILLIAM J. WILLIAMS,**

    **Plaintiff,**

**vs.**                                                       **CASE NO. 1:07CV231-MP/AK**

**MICHAEL J. ASTRUE,
Commissioner of Social Security**

    **Defendant.**

    _____/

**REPORT AND RECOMMENDATION**

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.**     **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB and SSI on November 21, 2003, alleging a disability onset date of January 3, 2003, because of back pain, neck pain, anxiety and anger. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who

conducted a hearing on July 19, 2006, and entered an unfavorable decision on November 27, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

**B.     FINDINGS OF THE ALJ**

Plaintiff was working at the time of the hearing three days a week, $8.25 an hour, at a convenience store. (R. 65). The ALJ found that Plaintiff's back and neck pain had been treated conservatively since the 1990's and was revealed on MRI to be mild degenerative spondylosis with some disc protrusion at L-4 and L-5, with spinal stenosis. A consultative exam was ordered and Dr. Eckel suggested that Plaintiff not do heavy lifting, but that he was not precluded from office type work. The ALJ examined carefully Plaintiff's mental health history and concluded that when he stayed away from alcohol and excessive caffeine (by self-report) Plaintiff was able to be stabilized on medication and was in fact working nearly full time as a cashier at a convenience store for the past eight months successfully. A consultative examination was performed by Dr. Nazario who found him to be schizophrenic, but able to concentrate and interact adequately for employment. Consequently, the ALJ found so long as Plaintiff refrained from abusing alcohol, he was capable of medium work, full range, and since he was presently performing his past relevant work as a cashier, he was obviously not precluded from it, and was therefore not disabled.

**No. 1:07CV231-MP/AK**

**C. ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in failing to seek an updated medical opinion as to whether Plaintiff met Listing 12.03, and the ALJ erred in failing to call a vocational expert because of Plaintiff's non-exertional mental impairments.

The government responds that Plaintiff failed to show any evidentiary gaps in the record to support his contention that further development was necessary, and no vocational expert was called because the ALJ found that Plaintiff could perform his past relevant work.

**D. STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence

**No. 1:07CV231-MP/AK**

supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

    A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

    Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

    1.    Is the individual currently engaged in substantial gainful activity?

**No. 1:07CV231-MP/AK**

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

E. **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff has a history of childhood abuse and trauma that was being treated at Meridian regularly. (R. 281-421, 441-506). His diagnoses were schizophrenia, with possible post-traumatic stress disorder (PTSD), and depression for which he was given

anti-depressants and Haldol. Vocational Rehabilitation was working with him and he saw several doctors in that process, Drs. Beaty and Amiel.

Dr. Amiel found him to be suffering from schizophrenia, possible PTSD, with symptoms of a personality disorder, which were exacerbated by alcohol abuse, but that he could work at a low stress job. He was given several medications. (R. 202-226).

Dr. Beaty treated Plaintiff for five sessions in October and November 2003. (R. 227-228). He initially found Plaintiff too hostile to be employable, (R. 440), but continued working with him towards getting focused and working on his appearance and attitude to improve his ability to be hired. Dr. Beaty asked him to hold off on filing for SSI disability while they worked on some issues, but Plaintiff did not return after Thanksgiving and told Dr. Beaty during a phone conversation that he was going to pursue disability.

Dr. Nazario did a mental health consultative examination on July 14, 2004, and he found Plaintiff to no longer have suicidal or homicidal thoughts, to be alert, of at least average intelligence, with fair judgment and insight, with no significant symptomology on his current medications and without alcohol or excessive caffeine. (R. 272-276). He found him able to concentrate, interact with others, and follow instructions.

Plaintiff was seen by several doctors regarding his neck and back pain. He was treated conservatively and an MRI confirmed mild degenerative spondylosis, with some disc protrusion at L-4 and L5 with spinal stenosis. (R. 183-187, 193-201). A consultative examination was performed by Dr. Eckel in March 2004, and he found "no

**No. 1:07CV231-MP/AK**

specific pain behaviors related to his back." (R. 247-255). He suggested no heavy lifting, but that Plaintiff could perform office type work.

F.     **SUMMARY OF THE ADMINISTRATIVE HEARING (July 19, 2006)**

Plaintiff was 42 years old at the time of the hearing and has a degree in sociology. (R. 510). He was working at Pearl Country Store in Micanopy, a convenience and barbecue store, as a cashier. (R. 512-513). He works 25 to 30 hours, Saturday, Sunday and Monday. (R. 513). He was doing fine, except when his nerves or his schizophrenia acts up. (R. 513). He was handling his depression well and taking his medication as he should. (R. 514). His prior work was as a cashier at Kangaroo convenience stores, another Pearl Country Store, and as a cashier at Winn Dixie. (R. 514-515). His neck and back still hurt, but he takes only aspirin and Advil. (R. 517). He is 5"6" and weighs 310 pounds. (R. 517). He has to "leave the alcohol alone, " but drank two months prior. (R. 518). He can walk just fine and has no problem sitting, but standing bothers him. (R. 519). They provide him a stool at work. (R. 519). He has had to go back to Meridian to "settle" himself down and redirect his thinking about once every six months. (R. 520, 524).

G.     **DISCUSSION**

   a)   Duty to develop record

It is well settled that the ALJ has a duty to develop a full and fair record. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam); Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997); Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988);

**No. 1:07CV231-MP/AK**

Cowart v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981). This is true even when the claimant is represented by counsel. Cowart, 662 F.2d at 735. The ALJ's duty to develop the record applies in cases in which he believes he lacks information critical to the determination of a factual issue; he is, however, under no duty to "go to inordinate lengths to develop a claimant's case." Thompson v. Califano, 556 F.2d 616, 618 (1st Cir. 1977); Ferguson v. Schweiker, 765 F.2d 31 (3d Cir. 1985). "There is no bright line test for determining when the [Commissioner] has . . . failed to develop the record. The determination in each case must be made on a case by case basis." Lashley v. Secretary of Health & Human Services, 708 F.2d 1048, 1052 (6th Cir. 1983).

In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995); Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912. An ALJ is not required to order medical evidence to have a complete record unless the record establishes that it is necessary to enable the ALJ to render his decision. Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988)(concerning the ordering of a consultative examination; Kelly, 761 F.2d at 1540 (concerning additional medical information submitted by the claimant).

As Defendant points out, Plaintiff is not specific about what medical evidence should have been obtained or updated that would qualify him for Listing 12.03. The

**No. 1:07CV231-MP/AK**

latest consultative examination was two years prior to the hearing and suggested that Plaintiff was stabilized on medication. At the time of the hearing, Plaintiff had been working part time successfully for several months. The undersigned concurs with the Appeal Council's decision regarding the medical evidence submitted by Plaintiff after the hearing (R. 6-52) that it would not change the prior decision of the ALJ. The evidence actually supports a stabilization in Plaintiff's condition in that he reported no more auditory or visual hallucinations or depressed mood on medication, he was meeting goals for work and increasing his social interactions, maintaining his home and work schedule. In short, Plaintiff's updated records after the date of the hearing further support the ALJ's decision, so that the failure to obtain them would not be unfair or prejudicial to the Plaintiff.

    b)    <u>Vocational expert</u>

At the fifth step of the evaluation process, the ALJ must determine whether a Claimant, based on his residual functional capacity, age, education and work experience, can adjust to other work in the national economy. 20 C.F.R. § 404.1520(a)(4). The ALJ may make this determination by reliance upon the Medical Vocational Guidelines or by utilizing the services of a vocational expert. <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1239 (11th Cir. 2004). When the ALJ concludes his analysis at the fourth step, <u>i.e.</u> that Plaintiff can perform his past relevant work, then he is not required to use vocational expert testimony. <u>Gaddis v. Chater</u>, 76 F.3d 893, 896 (8th Cir. 1996); <u>Barrett v. Chater</u>, 38 F.3d 1019, 1024 (8th Cir. 1994). Thus, any errors

**No. 1:07CV231-MP/AK**

alleged with regard to a hypothetical under such circumstances is irrelevant.  <u>Johnston v. Shalala</u>, 42 F.3d 448, 452 (8th Cir. 1994).

There is clearly support for the ALJ's finding that Plaintiff can perform his past relevant work because at the time of the hearing he was performing it, although on a part-time basis.  However, according to his testimony he was working 25 to 30 hours in a three day period which suggests that he is capable of working more than a routine work day of eight hours.  He did not explain that he was working part time because of his health, rather his schedule was based on the "tourist economy" and structured around the busier hours of the weekend.  In fact, his own testimony reflects that he had no real complaints about working, and his condition had stabilized to the point that he was going to Meridian every six months, taking his medication, and doing his job.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this 3rd day of August, 2009.

<u>s/ A Kornblum</u>
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07CV231-MP/AK**